DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ANNE-MARIE BEDELL and SANDRA NELSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| LONG REEF CONDOMINIUM HOMEOWNERS ASSOCIATION, | ) ) ) | Civil Action No. 2011-051 |
| Defendant. | ) ) | |
| _____ | ) ) | |
| LONG REEF CONDOMINIUM HOMEOWNERS ASSOCIATION, | ) ) ) | |
| Counter-Claimant, | ) ) | |
| v. | ) ) | |
| ANNE-MARIE BEDELL and SANDRA NELSON, | ) ) ) | |
| Counter-Defendants. | ) ) | |
| _____ | ) | |

**Attorneys:**
**Daryl Barnes, Esq.,**
**Sunshine S. Benoit, Esq.,**
**John J. Merchant, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiffs/Counter-Defendants*

**Douglas L. Capdeville, Esq.,**
**Mia L. Woodward, Esq.,**
**Ellen G. Donovan, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendant/Counter-Claimant*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

**THIS MATTER** is before the Court on Defendant Long Reef Condominium Home Owners Association's "Motion to Dismiss all of Plaintiff Sarah Nelson's Claims" (Dkt. No. 29), pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing; Nelson's Opposition to the Motion (Dkt. No. 30); and Defendant's Reply (Dkt. No. 31). For the reasons that follow, the Court will deny Defendant's Motion.

### I.   BACKGROUND

**A.   Procedural History**

By Complaint filed on May 12, 2011, Plaintiff Anne-Marie Bedell ("Bedell") initiated the instant action against Defendant Long Reef Condominium Home Owner's Association ("Defendant") alleging that Defendant violated provisions of the Fair Housing Act ("FHA") (42 U.S.C. § 3604(f)(2)–(3)) in enforcing its pet prohibition against her and refusing to allow her to keep a dog she claimed to be an emotional support animal in her condominium unit. (Dkt. No. 1). On July, 18, 2011, Bedell and Sarah Nelson ("Nelson") (collectively "Plaintiffs") filed a First Amended Complaint (Dkt. No. 6), in which Nelson made allegations against Defendant that were the same or similar to Bedell's allegations. The First Amended Complaint sought declarative relief and damages. (*Id.* at 14). Specifically, Plaintiffs alleged that Defendant violated their rights under the FHA by enforcing its pet prohibition against them (Count I); committed slander of title by recording liens against, and publishing false allegations about, their property (Count II); intentionally inflicted emotional distress upon them (Count III); and intentionally harmed Bedell's property interest (Count IV). (*Id.* at ¶¶ 59–76). Defendant filed an Answer on October 12, 2011 (Dkt. No. 12), and a First Amended Answer and Counterclaim on October 2, 2012

(Dkt. No. 43), in which it sought an injunction prohibiting Plaintiffs from housing any animals in their respective units as well as costs and attorneys' fees. Plaintiffs filed their Answer to Defendant's Counterclaim on October 22, 2012. (Dkt. No. 47).

In the instant Motion to Dismiss Plaintiff Nelson's claims for lack of standing, Defendant claims that there is no active case or controversy because Nelson no longer lives in her condominium unit. (Dkt. No. 29). With the filing of the instant Motion (Dkt. No. 29), Nelson's Opposition (Dkt. No. 30), and Defendant's Reply (Dkt. No. 31), this matter is ripe for resolution.

**B.     Factual Background**

In view of the legal standard governing consideration of Rule 12(b)(1) motions, *see infra*, Part II, the following facts are accepted as true.

Plaintiff Nelson bought and began occupying her condominium unit in June 2004. (Dkt. No. 6 at ¶ 37; Dkt. No. 30 at 1). She acquired a small dog in October 2009, which she began to keep in her condominium. (Dkt. No. 6 at ¶ 38; Dkt. No. 30 at 2). That fall, Nelson had witnessed the shooting death of a friend and her brother had passed away. (Dkt. No. 30 at 2). Nelson was diagnosed with depressed and post-traumatic stress disorder ("PTSD")—starting around that time—and two mental health professionals advised her that it was "necessary" for her to keep the dog for emotional support. (*Id.*) As a result of her PTSD, Nelson worries about her safety, which in turn affects her ability to live independently and to interact with other people. (Dkt. No. 6 at ¶ 37). She is afflicted with nightmares and is unable to leave her home at times. (*Id.*) The presence of Nelson's dog, acting as an emotional support dog, reduces the effects of her PTSD and depression, thereby improving her quality of life. (*Id.* at 39). The dog's support enables Plaintiff to continue working and living independently. (*Id.*)

As the owner of her condominium, Plaintiff Nelson was subject to Defendant's rules and regulations, which were recorded in March 1988 and amended in January 2006. (Dkt. No. 30 at 1–2). Both the rules and regulations and the 2006 amendments prohibited keeping pets in the condominium units. (*Id.* at 2). However, over the ten year period leading up to Plaintiffs filing of the First Amended Complaint, several animals were found living with owners on the property and no legal action was taken. (Dkt. No. 6 at ¶ 40). Additionally, the 2006 amendments recognized "several cats [that] are presently on Long Reef property as of the date of these revised rules," and treated them as an "exception" to the prohibition against pets. (*Id.* at ¶ 41). Further, after the rules were amended, two dogs found living on the property were grandfathered in and no legal action was brought against their owners. (*Id.* at ¶ 42).

On December 7, 2009, Johanna Renzi ("Renzi"), President of the Long Reef Board of Directors, sent Plaintiff Nelson a letter advising her that Defendant was aware she had a dog on the premises; that pets were prohibited; and that Defendant would proceed with fines followed by legal action if Nelson did not remove the dog from the premises. (Dkt. No. 29-4). Nelson advised Defendant that her dog was a "necessary companion." (Dkt. No. 6 at ¶ 43). In February 2010, Defendant issued a fine against Nelson for violating the pet prohibition. (*Id.* at ¶ 44). The same month, "[i]n response to such threats [the December 2009 letter], and to avoid a lawsuit, Nelson was forced to move out of her residence . . . and has resided elsewhere ever since." (Dkt. No. 30 at 2). Defendant continued issuing fines against Nelson for several months, and then in May 2010, Defendant sued her in the Superior Court of the Virgin Islands, seeking to enjoin her from keeping her dog on the premises. (Dkt. No. 6 at ¶ 45; Dkt. No. 30 at 2–3).

Nelson informed Defendant on July 16, 2010 that her dog was a "service animal," and asked what documentation Defendant would require to allow her to keep her dog. (Dkt. No. 6 at

4

¶ 46). Defendant never responded to Nelson's query. (*Id.*) On December 2, 2010, Defendant recorded a lien against Nelson's condominium in the amount of $1,308.15 for unpaid assessments owing against the unit and the costs of Defendant's lawsuit against Nelson in Superior Court. (Dkt. No. 30 at 3). Nelson did not discover that the lien existed until she read about it in the Commercial Reporter in February 2011. (Dkt. No. 6 at ¶ 51). Defendant subsequently released the lien on June 16, 2011. (Dkt. No. 30 at 3). In the interim, on June 13, 2011, Nelson advised Defendant of her mental condition and formally requested that Defendant accommodate her by allowing Nelson to keep a pet on the premises as an emotional support animal, in accordance with the FHA. (Dkt. No. 30 at 3). Nelson joined Bedell in the present action against Defendant on July 18, 2011. (Dkt. No. 6). On October 10, 2012, Defendant filed a counterclaim in this action, seeking to enjoin Nelson from living in her condominium unit with her dog. (Dkt. No. 43 at ¶¶ 90–94).

## II.   APPLICABLE LEGAL PRINCIPLES

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction to hear a case. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(1). Constitutional standing is one element of the "case or controversy" requirement of Article III of the Constitution. *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975); *Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 224 (3d Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–103 (1998); *Bennett v. Spear*, 540 U.S. 154, 162 (1997)). If a Court finds that Constitutional standing does not exist in a case, the court does not have jurisdiction to hear the case and must dismiss it. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

"Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not

conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290–291 (3d Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 193 (3d Cir. 2004)). The burden of proving standing lies with the plaintiffs. *Danvers Motor Co.*, 432 F.3d at 291 (citing *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003)).

In considering a motion to dismiss for lack of standing pursuant to Rule 12(b)(1), the court "'accept[s] as true all material allegations of the complaint and construe[s] them in favor of the Plaintiff.'" *Danvers Motor Co.*, 432 F.3d at 288 (quoting *Conte Bros. Auto.*, 165 F.3d at 224).

### III. DISCUSSION

In its Motion to Dismiss, Defendant argues that because Plaintiff Nelson moved out of her condominium in February 2010—sixteen months before joining Bedell in the present action— there is no active controversy between Nelson and Defendant. Accordingly, Defendant contends that Nelson does not have standing and all of her claims should be dismissed. Further, Defendant argues that Nelson's claim for slander of title should be dismissed as moot because Defendant released the lien. The Court disagrees with both arguments.

**A.     Standing**

The facts underlying the instant matter clearly indicate that a live case or controversy exists here.

Plaintiff Nelson owns a unit in Defendant's condominium. Defendant has rules under which Nelson is bound that prevent her from living in the condominium with a dog. Nelson

acquires a dog in violation of the rules. Defendant fines her and threatens legal action. Feeling that she is unable to live without her dog, and to avoid a lawsuit and more fines, Nelson moves elsewhere with her dog. Nelson retains ownership of the condominium unit. Months later, Defendant files a lawsuit against Nelson in Superior Court seeking to enjoin her from moving back into the condominium with her dog. Nelson sues Defendant in this Court seeking declaratory relief and damages. Nelson acknowledges that she is bound by Defendant's rules, but argues that they are in violation of federal law as applied to her. Defendant counterclaims, once again seeking to enjoin Nelson from living in her unit with her dog.

Defendant now argues that there is no case of controversy between them, because Nelson moved out of her condominium. Defendant contends that Nelson "took matters into her own hands without the intervention of this Honorable Court when she removed herself from the reach of the Board's rule against pets." (Dkt. No. 29-1 at 9). Defendant further argues that "from the time Plaintiff first filed this lawsuit, she has been under no restriction imposed by Long Reef with respect to keeping as her pet the animal she claims to need for emotional support services." (*Id.* at 6).

Contrary to Defendant's contention, Nelson is clearly under a restriction imposed by Defendant. As a dog owner, she is unable to live in property that she owns because of Defendant's rule that prohibits pets in the condominium. This is her "injury-in-fact." *Danvers Motor Co.*, 432 F.3d at 290. Nelson has been made to choose between two rights to which she would otherwise be entitled—living in property that she owns and keeping her dog. Thus, her injury is concrete and particularized as well as actual—as opposed to hypothetical. *Id.* at 291. There is a causal connection between Defendant's conduct and her injury because every day that the no-pet rule exists, and Nelson is unable to live in her condominium with her dog, is a day in

which Defendant's actions are causing her injury to continue. *Id.* Finally, there is redressability because if the Court rules in favor of Nelson on the merits, she will be able to live in her unit with her dog, thus remedying her injury. *Id.*

Accordingly, the Court finds that these facts present a live controversy.[1]

**B.     Mootness**

Plaintiff Nelson alleges that, as a result of Defendant recording a lien against her unit in violation of its own bylaws, she "has been forced to hire an attorney to defend against Long Reef's false allegations" and "the added stress of litigating over this slanderous lien" caused her to incur more medical expenses. (Dkt. No. 6 at ¶¶ 52–55, 68).

---

[1] The Court notes that Defendant relies on two cases that are inapposite. (Dkt. No. 29-1 at 7–8). In *Simpson v. Wood*, 2010 U.S. Dist. LEXIS 1926, at *5–7 (D.V.I. Jan. 7, 2010), a former owner of a condominium unit sued a member of the board of directors of the condominium association, alleging that the director had committed fraud by misrepresenting the qualifications of other directors on the board, and that the members of the board were therefore improperly elected. The court in *Simpson* found that the plaintiff lacked standing to allege that the board members were not properly elected because he no longer owned his condominium unit and therefore would not suffer an injury if the members were not properly elected, nor benefit from any remedy ordered. *Id.* at *6–7. *Simpson* is distinguishable from the present case because Nelson is a current—not a former—owner of her condominium unit, and a holding in her favor on the merits would redress her injury.

In *Gagliardi v. Kratzenberg*, 404 F. Supp. 2d 858 (W.D. Pa. 2005), a pro se plaintiff alleged that various defendants had committed RICO violations against him through their actions to collect back taxes on property the plaintiff had owned approximately thirty years earlier. The actions for back taxes were directed at the current owners of the property. *Id.* at 864–65. The court found that the "[p]laintiff's submissions ma[de] [it] clear that he [could] not claim to have [had] actual deeded ownership of the subject property at anytime during the events in question." *Id.* at 864. Accordingly, the court held that the plaintiff lacked standing. *Id.* at 868. Like *Simpson*, *Gagliardi* is distinguishable from the present case, in that Nelson is the owner of her condominium unit, and Defendant's actions are directly affecting her.

Defendant counters—without citing any authority and in a two-sentence paragraph that concludes the "Discussion and Analysis" portion of its Motion—that Nelson's claim for slander of title is moot because the lien was released a month before Nelson joined Bedell in this action. (Dkt. No. 29-1 at 9). This contention is without merit.

"Damages should be denied on the merits, not on the grounds of mootness." *Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 489 (3d. Cir. 1992) (internal quotation marks and citation omitted). Further, damages claims "are retrospective in nature—they compensate for past harm" and, accordingly, "'such claims cannot be moot.'" *CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 622 (3d Cir. 2013) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1204 (10th Cir. 2006)). As long as a party presents a viable claim for damages, a case is not moot. *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 196 (3d Cir. 2001) (citation omitted).

Accepting as true Nelson's allegations that Defendant improperly filed the lien against her condominium (Dkt. No. 6 at ¶¶ 52–55), Nelson's claim for compensatory damages associated with defending against the lien and any damage it caused her were not rendered moot by the discharge of the lien. *See CMR D.N. Corp.*, 703 F.3d at 622; *Nat'l Iranian Oil*, 983 F.2d at 489. Her claims for damages are "retrospective" in nature and survive the lien's discharge. *CMR D.N. Corp.*, 703 F.3d at 622.

Accordingly, the Court will not dismiss Plaintiff Nelson's slander of title claim as moot.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has standing and that her claim for slander of title is not moot. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 29) is denied. An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2013               _____/s/_____
                                       WILMA A. LEWIS
                                       Chief Judge